The STATE of Texas, Appellant,

v.

Fabian RAMIREZ, Appellee.

No. 13–00–769–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 6, 2001.

Carlos Valdez, Nueces County District Attorney, Lance A. Kutnick, Assistant District Attorney, Corpus Christi, for Appellant.

John S. Gilmore, Jr., Attorney at Law, Gilmore & Granberry, Corpus Christi, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

HINOJOSA, Justice.

The State appeals from the trial court's order granting the motion for shock probation of appellee, Fabian Ramirez. In a single issue, the State contends the trial court did not have authority to grant appellee's motion for shock probation because appellee was not eligible for such probation. Appellee has filed a motion to dismiss, contending this Court does not have jurisdiction to consider this appeal. We grant appellee's motion and dismiss this appeal for want of jurisdiction.

Appellee pleaded guilty before a jury to two counts of sexual assault of a child.[1] The jury found him guilty and assessed his punishment at ten years imprisonment and a $2,500 fine for each count. The jury also recommended that appellee be placed on community supervision, and the trial court placed him on community supervision for ten years. On December 10, 1998, the State filed a motion to revoke appellee's community supervision. On February 19, 1999, the trial court revoked appellee's community supervision and reduced his

---

1. *See* TEX. PEN. CODE ANN. § 22.011(b)    (Vernon Supp.2001).

sentence to four years imprisonment. Appellee appealed, but the revocation was affirmed by this Court on November 24, 1999.[2] On August 15, 2000, appellee filed a motion for shock probation, and the trial court granted the motion over the State's objection. This appeal ensued.

Section 6(a) of article 42.12 of the Texas Code of Criminal Procedure governs shock probation. That section provides:

> For the purposes of this section, the jurisdiction of a court in which a sentence requiring imprisonment in the institutional division of the Texas Department of Criminal Justice is imposed by the judge of the court shall continue for 180 days from the date the execution of the sentence actually begins. Before the expiration of 180 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may on his own motion, on the motion of the attorney representing the state, or on the written motion of the defendant, suspend further execution of the sentence and place the defendant on community supervision under the terms and conditions of this article, if in the opinion of the judge the defendant would not benefit from further imprisonment and:
>
> (1) the defendant is otherwise eligible for community supervision under this article; and
>
> (2) the defendant had never before been incarcerated in a penitentiary serving a sentence for a felony.

TEX. CODE CRIM. PROC. ANN. art 42.12, § 6(a)(Vernon Supp.2001). The State contends that appellee is ineligible for shock probation because he pleaded guilty to the offense of sexual assault of a child, a "section 3g offense." Section 3g of

article 42.12 of the code of criminal procedure imposes limitations upon judge-ordered community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3, 3g (Vernon Supp.2001). A trial court may not grant community supervision to a defendant adjudged guilty of a sexual assault. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(H) (Vernon Supp. 2001). If a defendant is not eligible under section 3g for judge-imposed community supervision, he is not eligible for shock probation. *See Ex parte Austin,* 746 S.W.2d 226, 229 (Tex.Crim.App.1988); *see also Heath v. State,* 817 S.W.2d 335, 339 (Tex.Crim.App.1991), *overruled on other grounds by Ex parte Williams,* No. 73,845, 2001 Tex.Crim.App. LEXIS 28, *5, 2001 WL 356290, — S.W.3d —, — (Tex. Crim.App. April 11, 2001).

In his motion to dismiss this appeal, appellee asserts that because *Ex parte Williams* holds that an unauthorized grant of community supervision is not a sentence, the State cannot appeal and we are without jurisdiction to consider this appeal. *See Williams,* 2001 Tex.Crim.App. LEXIS 28 at *5, at —.

The State does not have an unlimited right to appeal a trial court's decision in a criminal case. The State must invoke one of the specific instances in which the Legislature has granted it the right to appeal. *See* TEX. CODE CRIM PROC. ANN. art. 44.01 (Vernon Supp.2001). The State has not invoked a specific statute in this case; the only applicable ground is the State's right to appeal "a sentence in a case on the ground that the sentence is illegal." TEX. CODE CRIM PROC. ANN. art. 44.01(b) (Vernon Supp.2001). Therefore, the State may only appeal this case if the trial court's order granting appellee shock probation is an illegal sentence.

---

2. *Ramirez v. State,* No. 13–99–103–CR, 1999 Tex.App. LEXIS 8758 (Tex.App.-Corpus Christi Nov. 24, 1999, pet. ref'd) (not designated for publication).

In *Williams*, the applicant was wrongfully placed on community supervision after he was convicted of a section 3g offense. *Id.* at *1, at ——. After his community supervision was revoked, Williams filed a post-conviction application for a writ of habeas corpus alleging that the illegal probation order rendered his sentence illegal, and claiming that he was entitled to habeas relief.[3] *Id.* at *1–*2, at ——–——. In denying relief, the court of criminal appeals held that:

> "community supervision is not a sentence or even part of a sentence." Because of this, the illegal granting of community supervision should not be governed by a rule which applies to illegal sentences.... We conclude that the *Heath*[4] court erred to extend a doctrine of law regarding sentences to facts involving a probation order. We specifically disavow *Heath*'s conclusion that an unlawful grant of probation constitutes an illegal or void sentence. In addition, we conclude that Williams fails to show any entitlement to habeas relief because

he fails to prove that he was harmed by the unlawful grant of probation.

*Id.* at *5, at —— (quoting *Speth v. State*, 6 S.W.3d 530 (Tex.Crim.App.1999), *cert. denied*, 529 U.S. 1088, 120 S.Ct. 1720, 146 L.Ed.2d 642 (2000)).

The language in the relevant cases is broad and unequivocal. *Williams* and *Speth* leave no doubt that a trial court's order granting probation is not a sentence. Accordingly, we conclude the State is not authorized to appeal the trial court's order granting appellee's motion for shock probation. Because we are without jurisdiction to consider this appeal, we grant appellee's motion to dismiss.

This appeal is dismissed for want of jurisdiction.

---

**3.** To present a cognizable claim for habeas relief, an applicant must show a jurisdictional defect in the convicting court or the denial of a fundamental or constitutional right. *Ex parte Williams*, No. 73,845, 2001 Tex.Crim. App. LEXIS 28, *2, —— S.W.3d at —— (Tex. Crim.App. April 11, 2001); *Ex parte Lockett*, 956 S.W.2d 41, 42 (Tex.Crim.App.1997). He must also show by a preponderance of the evidence that the error contributed to his conviction or punishment. *Williams*, 2001 Tex.Crim.App. LEXIS at *4, at ——; *Ex parte Fierro*, 934 S.W.2d 370 (Tex.Crim.App.1996).

**4.** In *Heath v. State*, 817 S.W.2d 335, 337 (Tex.Crim.App.1991), the appellant appealed the revocation of an unauthorized probation order. The court of criminal appeals reversed the revocation, holding that if a punishment is not authorized by law the sentence is void, and that a defect that renders a sentence void may be raised for the first time on appeal. *Id.*