NUMBER 13-02-373-CR

                               COURT OF APPEALS

                   THIRTEENTH
DISTRICT OF TEXAS

                      CORPUS CHRISTI B
EDINBURG

 

_____________________________________________________________________

IN
RE: THE STATE OF TEXAS, EX REL. 

YOLANDA
DE LEON, DISTRICT ATTORNEY, 

CAMERON
COUNTY, TEXAS

                                                                                                   


                             On Petition for
Writ of Mandamus

_____________________________________________________________________

 

                                           O P I
N I O N

 

               Before Chief
Justice Valdez and Justices Dorsey and Rodriguez

                                       Opinion
by Chief Justice Valdez

 








Relator, the
State of Texas, through the Cameron County District Attorney, Yolanda de Leon,
filed a motion for leave to file petition for writ of mandamus and a petition
for writ of mandamus in the above cause on July 1, 2002.  Relator requests that this Court order
Respondents, the Honorable Benjamin Euresti, Jr., and the Honorable Abel Limas
to vacate the order granting shock probation in Cause No. 01BCR-1107-A.  On July 24, 2002, Real Party in Interest,
Alfonso Cadriel, filed a response to relator=s petition.  After receipt and review of the motion for
leave, the petition and the response thereto, this Court hereby GRANTS the
motion for leave, but DENIES Relator=s petition for
writ of mandamus.

In the
underlying proceedings, Real Party in Interest, Alfonso Cadriel, was charged
with aggravated sexual assault of a child and indecency with a child in Cause
No. 01BCR-1107-A.  On Cadriel=s pleas of guilty, Respondent, Presiding
Judge Benjamin Euresti, Jr., found him guilty of those offenses and sentenced
him to five years in the Texas Department Criminal Justice DivisionBInstitutional
Division.  On March 20, 2002, Cadriel
filed a motion for shock probation, wherein he requested the trial court
suspend the execution of his sentence and place him under community
supervision.  See Tex. Code Crim. Proc. Ann. art. 42.12, '
6(a) (Vernon Supp. 2002).  Judge
Euresti conducted a hearing on Cadriel=s motion and
granted same.  On May 21, 2002,
Respondent, Presiding Judge Abel Limas, signed a judgment placing Cadriel on
Shock Probation.  

The State
contends the trial court abused it discretion in granting shock probation
because Cadriel pleaded guilty to offenses that are ineligible for shock
probation.  Tex. Code Crim. Proc. Ann. art 42.12 ' 3g(a)(1)(H) (Vernon Supp. 2002).  Notwithstanding the merits of Cadriel=s eligibility
of shock probation, neither the State nor Cadriel adequately addresses whether
mandamus is the appropriate remedy under the present circumstances, which is a
necessary prerequisite before mandamus relief can be granted.  Buntion v Harmon, 827 S.W.2d 945, 947
(Tex. Crim. App. 1992)(orig. proceeding).








Mandamus is an
extraordinary remedy.  Smith
v. Gohmer, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998).  To establish entitlement to mandamus relief,
a relator must satisfy two requirements: 1) there must be no adequate remedy at
law to redress his alleged harm; and 2) the act sought to be compelled is
purely ministerial.  Buntion, 827 S.W.2d at 947.  

  The State does not have an unlimited right to
appeal a trial court=s decision in a
criminal case.  The State must invoke one
of the specific instances in which the Legislature has granted the right to appeal.  State v. Ramirez, 62 S.W.3d 356, 357
(Tex. App.BCorpus Christi
2001, no. pet.); see Tex. Code Crim. Proc. Ann. art 44.01
(Vernon Supp. 2002). 
        The State directs this Court to our holding in
Ramirez, for the proposition that the State cannot appeal the trial
court=s decision
herein because a trial court=s order
granting shock probation is not a sentence and, as such, is not
appealable.  Ramirez, 62 S.W.3d at 357.  In Ramirez,
the State attempted to appeal from an order granting shock probation.  Id. 
The State=s notice of
appeal in Ramirez involved article 44.01(b), which allows the State to
appeal from the imposition of an illegal sentence.  See Tex.
Code Crim. Proc. Ann. art
44.01 (b) (Vernon Supp. 2002); Ramirez, 62 S.W.3d at 357.  We held that the granting of shock probation
did not constitute an illegal sentence; however, the issue of whether the State
could otherwise appeal under other sections of article 44.01 was not before us.
 Ramirez, 62
S.W.3d at 358. 

The State fails
to recognize that it can appeal the present decision if the order Aarrests or
modifies a judgment.@ Tex. Code Crim. Proc. Ann. art. 44.01(a)(2)(Vernon
Supp. 2002).  We conclude that, in the
present case, the trial court did modify the judgment on May 21, 2002, when it
granted shock probation, thereby taking the sentence that had been imposed, a
term of five years in imprisonment, and imposing in its stead a term of
probation, which is not a sentence.  Ramirez,
62 S.W.3d at 357.  









 Accordingly, we find that the State had an
adequate remedy at law, which it failed to exercise in a timely manner.  Tex.
Code Crim. Proc. Ann. art 44.01(d)(Vernon Supp. 2002)(the prosecuting
attorney may not make an appeal under subsection (a) or (b) later than the 15th
day after the order).  Relator=s petition for
mandamus is DENIED.   

 

 

ROGELIO VALDEZ

Chief Justice

 

Publish.

Tex. R. App. P. 47.3

 

Opinion delivered and filed this 

the 2nd day of
October, 2002.