**In re the STATE of Texas, ex rel. Yolanda DE LEON, District Attorney, Cameron County, Texas.**

No. 13–02–373–CR.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Oct. 2, 2002.

Rehearing Overruled Oct. 31, 2002.

John A. Olson, Asst. County & District Attorney, Brownsville, for relator.

Larry Warner, Luis V. Saenz, Brownsville, for real party in interest.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

Relator, the State of Texas, through the Cameron County District Attorney, Yolanda de Leon, filed a motion for leave to file petition for writ of mandamus and a petition for writ of mandamus in the above cause on July 1, 2002. Relator requests that this Court order Respondents, the Honorable Benjamin Euresti, Jr., and the Honorable Abel Limas to vacate the order granting shock probation in Cause No. 01–CR–1107–A. On July 24, 2002, Real Party in Interest, Alfonso Cadriel, filed a response to relator's petition. After receipt and review of the motion for leave, the

petition and the response thereto, this Court hereby GRANTS the motion for leave, but DENIES Relator's petition for writ of mandamus.

In the underlying proceedings, Real Party in Interest, Alfonso Cadriel, was charged with aggravated sexual assault of a child and indecency with a child in Cause No. 01–CR–1107–A. On Cadriel's pleas of guilty, Respondent, Presiding Judge Benjamin Euresti, Jr., found him guilty of those offenses and sentenced him to five years in the Texas Department Criminal Justice Division—Institutional Division. On March 20, 2002, Cadriel filed a motion for shock probation, wherein he requested the trial court suspend the execution of his sentence and place him under community supervision. See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6(a) (Vernon Supp.2002). Judge Euresti conducted a hearing on Cadriel's motion and granted same. On May 21, 2002, Respondent, Presiding Judge Abel Limas, signed a judgment placing Cadriel on Shock Probation.

■ The State contends the trial court abused it discretion in granting shock probation because Cadriel pleaded guilty to offenses that are ineligible for shock probation. TEX. CODE CRIM. PROC. ANN. art 42.12 § 3g(a)(1)(H) (Vernon Supp.2002). Notwithstanding the merits of Cadriel's eligibility of shock probation, neither the State nor Cadriel adequately addresses whether mandamus is the appropriate remedy under the present circumstances, which is a necessary prerequisite before mandamus relief can be granted. *Buntion v. Harmon,* 827 S.W.2d 945, 947 (Tex. Crim.App.1992) (orig. proceeding).

■ Mandamus is an extraordinary remedy. *Smith v. Gohmert,* 962 S.W.2d 590, 593 (Tex.Crim.App.1998). To establish entitlement to mandamus relief, a relator must satisfy two requirements: 1) there must be no adequate remedy at law

to redress his alleged harm; and 2) the act sought to be compelled is purely ministerial. *Buntion,* 827 S.W.2d at 947.

■ The State does not have an unlimited right to appeal a trial court's decision in a criminal case. The State must invoke one of the specific instances in which the Legislature has granted the right to appeal. *State v. Ramirez,* 62 S.W.3d 356, 357 (Tex.App.-Corpus Christi 2001, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.2002).

The State directs this Court to our holding in *Ramirez,* for the proposition that the State cannot appeal the trial court's decision herein because a trial court's order granting shock probation is not a sentence and, as such, is not appealable. *Ramirez,* 62 S.W.3d at 357. In *Ramirez,* the State attempted to appeal from an order granting shock probation. *Id.* The State's notice of appeal in *Ramirez* involved article 44.01(b), which allows the State to appeal from the imposition of an illegal sentence. *See* TEX. CODE CRIM. PROC. ANN. art 44.01(b) (Vernon Supp.2002); *Ramirez,* 62 S.W.3d at 357. We held that the granting of shock probation did not constitute an illegal sentence; however, the issue of whether the State could otherwise appeal under other sections of article 44.01 was not before us. *Ramirez,* 62 S.W.3d at 358.

The State fails to recognize that it can appeal the present decision if the order "arrests or modifies a judgment." TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2) (Vernon Supp.2002). We conclude that, in the present case, the trial court did modify the judgment on May 21, 2002, when it granted shock probation, thereby taking the sentence that had been imposed, a term of five years in imprisonment, and imposing in its stead a term of probation, which is not a sentence. *Ramirez,* 62 S.W.3d at 357.

Accordingly, we find that the State had an adequate remedy at law, which it failed to exercise in a timely manner. TEX. CODE CRIM. PROC. ANN. art 44.01(d) (Vernon Supp.2002) (the prosecuting attorney may not make an appeal under subsection (a) or (b) later than the 15th day after the order). Relator's petition for mandamus is DENIED.