In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-104 CR


____________________



THE STATE OF TEXAS, Appellant



V.



WENDY R. DUNBAR, Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 96-08-01004A-CR






OPINION


 This appeal by the State challenges the trial court's authority to place a defendant
previously adjudicated guilty of a "3g" offense on "shock probation." (1) We hold that Wendy
R. Dunbar was ineligible for community supervision on the date the trial court suspended
execution on her four year sentence for indecency with a child by sexual contact. 
Accordingly, we vacate the community supervision order, reinstate the judgment of
conviction and remand the case for the trial court to carry out the sentence previously
imposed.

 The indictment alleged that on or about June 10, 1996, Dunbar and a co-defendant,
with the intent to arouse and gratify the sexual desire of the defendants, intentionally and
knowingly engaged in sexual contact with a child younger than seventeen and not the spouse
of the defendants. See Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). (2) On June 6,
1997, the trial court deferred adjudication of guilt and placed Dunbar on community
supervision for ten years. On April 18, 2007, the State moved to adjudicate guilt. The trial
court convicted Dunbar and on September 5, 2007, the trial court imposed a sentence of four
years of incarceration. Dunbar filed a motion to impose community supervision on
December 6, 2007. The trial court signed a shock community supervision order on February
14, 2008, and the State appealed. See Tex. Code Crim. Proc. Ann. art. 44.01(a), (d)
(Vernon Supp. 2008).

 Dunbar contends we lack jurisdiction over this appeal. One case on which she relies
involved an appeal by the State on the ground that the sentence was illegal. See State v.
Ramirez, 62 S.W.3d 356 (Tex. App.--Corpus Christi 2001, no pet.); see also Tex. Code
Crim. Proc. Ann. art. 44.01(b) (Vernon Supp. 2008). In this case, the State relies on a
different basis for the appeal. The other case Dunbar cites concerned a post-conviction
habeas corpus proceeding following revocation of probation for which the applicant had not
been eligible. See Ex parte Williams, 65 S.W.3d 656, 657 (Tex. Crim. App. 2001). In
Williams, the Court of Criminal Appeals denied habeas relief because the applicant had not
been harmed by being granted probation notwithstanding his ineligibility. Id. at 658. The
Court of Criminal Appeals specifically disavowed a prior case that held that an unlawful
grant of probation constitutes an illegal or void sentence. Id. (overruling Heath v. State, 817
S.W.2d 335, 336 (Tex. Crim. App. 1991)).

 "[C]ommunity supervision is not a sentence or even a part of a sentence." Speth v.
State, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). In this case, the execution on the sentence
is at issue, not the sentence itself. The State has appealed an order that "arrests or modifies
a judgment." See Tex. Code Crim. Proc. Ann. art. 44.01(a)(2) (Vernon Supp. 2008). The
judgment includes the sentence but is not limited to the sentence. See Collins v. State, 240
S.W.3d 925, 927-28 (Tex. Crim. App. 2007). Because a community supervision order arrests
or modifies a judgment, Article 44.01(a)(2) authorizes the State to appeal a shock community
supervision order. See In re State ex rel. De Leon, 89 S.W.3d 195, 196 (Tex. App.--Corpus
Christi 2002, orig. proceeding). The State may appeal an order that modifies a judgment
regardless of the legal grounds for the appeal. State v. Gutierrez, 129 S.W.3d 113, 115 (Tex.
Crim. App. 2004). The notice of appeal filed in this case invoked our appellate jurisdiction
and the State was statutorily authorized to pursue the appeal. See Tex. Code Crim. Proc.
Ann. art. 44.01(a)(2), (d). Therefore, we turn to the merits of the State's issue.

 Within 180 days from the date the execution of a sentence actually begins, the judge
of the court that imposed the sentence may suspend further execution of the sentence and
place the defendant on community supervision. Tex. Code Crim. Proc. Ann. art.
42.12, § 6(a). This grant of power to the trial judge is not unlimited, however; the shock
community supervision statute expressly requires that "the defendant is otherwise eligible
for community supervision under this article[.]" Id. Judge-ordered community supervision
is not available to a defendant who has been adjudged guilty of indecency with a child by
sexual contact. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(C).

 Dunbar contends the State failed to preserve the error. See Tex. R. App. P. 33.1. 
"Generally speaking, a court's authority to act is limited to those actions authorized by
constitution, statute, or common law." State v. Johnson, 821 S.W.2d 609, 612 (Tex. Crim.
App. 1991). The trial court adjudged Dunbar guilty of indecency with a child by sexual
contact and imposed sentence on September 5, 2007. No motion for new trial was filed or
granted and Dunbar's conviction and sentence became final thirty days later. See generally
Collins, 240 S.W.3d at 927, n.2 (citing Swearingen v. State, 189 S.W.3d 779, 781 (Tex.
Crim. App. 2006)). Except to the extent authorized by statute, the trial court lost its authority
to modify the judgment after that date. See Awadelkariem v. State, 974 S.W.2d 721 (Tex.
Crim. App. 1998). As explained in Awadelkariem, the trial court may reconsider its actions
in a case so long as the action occurs within the period for ruling on a motion for new trial. 
Id. at 728. A claim processing rule may be subject to procedural default. See State v. Moore,
225 S.W.3d 556, 566-68 (Tex. Crim. App. 2007). For example, error in granting late
amendment of a timely-filed motion for new trial may be waived if the State fails to object
when provided an opportunity to do so. Id. at 569-70. Systemic requirements that cannot
be waived or forfeited "include both jurisdictional prerequisites to the exercise of judicial
authority and nonjurisdictional fundamentals of lawmaking and adjudication." Ieppert v.
State, 908 S.W.2d 217, 219 (Tex. Crim. App. 1995). Once a case becomes final the trial
court has no power to act unless the order is specifically authorized by statute. See State v.
Patrick, 86 S.W.3d 592, 595-96 (Tex. Crim. App. 2002). Thus, the authority of a trial court
to act in a particular case at a particular time is a systemic requirement. See Moore, 225
S.W.3d at 567-68, n.47. We conclude that the issue raised by the State is not subject to
procedural default.

 "The Courts of the State of Texas having original jurisdiction of criminal actions shall
have the power, after conviction, to suspend the imposition or execution of sentence and to
place the defendant upon probation and to reimpose such sentence, under such conditions as
the Legislature may prescribe." Tex. Const. art. IV, § 11A. (3) In a felony case, the trial court
lacks "jurisdiction" to grant shock community supervision not authorized by Article 42.12,
§ 6. See State ex rel. Bryan v. McDonald, 642 S.W.2d 492, 493 (Tex. Crim. App. 1982). 
Even in a situation where the defendant is eligible for shock community supervision and
makes the request in a timely fashion, if the trial court signs the order suspending execution
on the sentence after it loses power to modify the judgment, the order is void. See Ex parte
Busby, 67 S.W.3d 171, 174 (Tex. Crim. App. 2001), overruled on other grounds by Ex parte
Hale, 117 S.W.3d 866, 872 (Tex. Crim. App. 2003). Here, the trial court's power to grant
shock community supervision was not invoked because as a matter of law Dunbar was not
eligible for judge-ordered community supervision after conviction and imposition of sentence
for an offense under Section 21.11(a)(1) of the Penal Code. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 3g(a)(1)(C). 

 Under the express terms of Article 42.12, § 6(a), Dunbar was not eligible for judge-ordered community supervision on February 14, 2008. Therefore, Article 42.12, § 6(a) did
not authorize the trial court to modify the judgment after it became final. We hold that the
trial court lacked the authority to suspend the execution of the sentence and place Dunbar on
shock community supervision. Accordingly, we vacate the trial court's order of February 14,
2008, reinstate the judgment of September 5, 2007, and remand the case to the trial court
with instructions to carry out the sentence previously imposed. 

 REVERSED AND REMANDED.



 _____________________________

 STEVE McKEITHEN

 Chief Justice

Submitted on September 24, 2008

Opinion Delivered October 15, 2008

Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(C) (Vernon Supp. 2008);
Tex. Code Crim. Proc. Ann. art. 42.12, § 6 (Vernon Supp. 2008).
2. Throughout this appeal, we cite to the current version of the statutes as the additions
to the statutes do not apply to this appeal and the subsections pertinent to this case have not
materially changed since the date of Dunbar's offense.
3. After final conviction, a trial court does not have an inherent power to grant
reprieves or commutations of punishment; that function is constitutionally reserved to the
Governor. See Tex. Const. art. IV, § 11(b).