ACCEPTED
15-25-00092-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/14/2025 2:54 PM
CHRISTOPHER A. PRINE
CLERK

## NO. 15-25-00092-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/14/2025 2:54:55 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

IN RE BRIGHT HEALTH MANAGEMENT, INC., *Appellant*,

v.

BRIGHT HEALTH INSURANCE COMPANY OF TEXAS, *Appellee*.

On Appeal from the
455th Judicial District Court, Travis County, Texas
Cause No. D-1-GN-23-008361
The Honorable Catherine Mauzy, Presiding

**BRIGHT HEALTH MANAGEMENT, INC.'S REPLY TO THE
COURT'S ORDER REGARDING APPELLATE JURISDICTION**

Carlos R. Soltero
csoltero@maynardnexsen.com
State Bar No. 00791702
Brytne D. Kitchin
bkitchin@maynardnexsen.com
State Bar No. 24079973
Lisa Alcantar
lalcantar@maynardnexsen.com
State Bar No. 24069284
**MAYNARD NEXSEN**
2500 Bee Caves Road
Bldg. 1, Suite 150
Austin, Texas 78746

**Counsel for Appellant/Relator**

**TO THE HONORABLE FIFTEENTH COURT OF APPEALS:**

Appellant Bright Health Management, Inc. ("BHM") responds to this Court's July 3, 2025 notice of potential dismissal for want of jurisdiction ("Notice") as follows:

1. **When faced with uncertainty regarding the appropriate vehicle for interim relief, a party may file both an appeal and a petition for writ of mandamus.**

Parties whose rights are impacted by trial court decisions in contexts where it is unclear whether their appellate remedy is through an appeal or an original proceeding seeking a petition for writ of mandamus may seek both types of relief in the alternative. *See*, *e.g.*, *CMH Homes v. Perez*, 340 S.W.3d 444, 446 (Tex. 2011). In *Perez*, CMH Homes filed an interlocutory appeal challenging the appointment of an arbitrator, "requesting in the alternative that its appeal be treated as a mandamus petition." *Id*. The appellate court determined it was without jurisdiction, but the supreme court disagreed, concluding that the appeal could "properly be treated as a petition for writ of mandamus" and remanding the case for consideration of the merits. *Id*.

When there is uncertainty and a party files only a petition for writ of mandamus, the party risks waiving all appellate rights if mandamus

is not the appropriate remedy under the circumstances. *See, e.g., In re State ex rel. De Leon*, 89 S.W.3d 195, 196–97 (Tex. App.—Corpus Christi 2002, orig. proceeding) (denying petition for mandamus relief because the State had an adequate remedy at law in the form of a statutory appeal that it failed to timely exercise).

Here, given the uncertainty regarding the appropriate remedy under the unique circumstances of an order compelling a non-party to produce documents in an insurance party receivership, BHM filed both this appeal and a petition for writ of mandamus. *See In re Bright Health Management, Inc.*, No. 15-25-00092-CV. Both proceedings challenge the District Court's May 6, 2025 Order making rulings pertaining to the Special Deputy Receiver's ("SDR") June 28, 2024 Motion to Enforce Permanent Injunction Against BHM (the "Motion to Enforce")[1] and BHM's corresponding Cross-Motion for Entry of Order Governing Electronically Stored Information (the "ESI Cross-Motion").[2]

---

[1] 3 CR 339–425.
[2] 3 CR 426–459.

3

**2. This Court has jurisdiction over this appeal because the challenged Order functions as a temporary injunction and, additionally or in the alternative, as a modified order appointing receiver, and thus is an appealable interlocutory order.[3]**

The Texas Civil Practice and Remedies Code expressly authorizes an appeal "from an interlocutory order of a district court" that "grants or refuses a temporary injunction." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4). The Texas Supreme Court has interpreted this to include "jurisdiction over [an] interlocutory appeal from a prejudgment enforcement order that functions as a temporary injunction." *Harley Channelview Prop., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 41–42 (Tex. 2024). Consistent with *Harley Marine* and Section 51.014(a)(4) of the Texas Civil Practices and Remedies Code, whether this Court has jurisdiction over this appeal "depends on whether the trial court's order can properly be characterized as a temporary injunction." *Harley Marine*, 690 S.W.3d at 37.

---

[3] To the extent the Notice is questioning specifically whether the Fifteenth Court of Appeals has jurisdiction over this appeal, BHM asserts that it does as this appeal is brought against the SDR in its capacity as the agent of the Texas Department of Insurance ("TDI"), which is an "agency in the executive branch of the state government." TEX. R. APP. P. 25.1(d)(9)(A); TEX. GOV'T CODE § 22.220(d)(1). *See also* TEX. INS. CODE § 443.154(a) (explaining that any special deputy appointed by TDI acts for TDI, "serves at the pleasure of" TDI, and may exercise only those powers granted to TDI under the Insurer Receivership Act (TEX. INS. CODE, Ch. 443)).

In *Harley Marine*, the trial court ordered one of the parties "to immediately convey property to the other to enforce the court's partial summary judgment ruling." *Id.* at 35. The aggrieved party filed an interlocutory appeal, which the court of appeals dismissed for want of jurisdiction. *Id.* The supreme court disagreed that the appellate court lacked jurisdiction, holding that the trial court's order directing that a party's property be immediately conveyed "based on an interim ruling that a claim has merit is a temporary injunction, from which a party may appeal." *Id.* In so holding, the supreme court noted that the order (1) required performance by the enjoined party; (2) was made effective and operated during the pendency of the suit; and (3) compelled a party's performance based on the trial court's "determination that the opposing party's claim ha[d] merit." *Id.* at 40.

Here, as in *Harley Marine*, the challenged order (1) requires BHM to perform by conveying its property (and property that belongs to other third parties)—e-mails that include privileged and confidential information not belonging to the insurer in receivership and to which the SDR has no legal or contractual entitlement—to the SDR; (2) is effective immediately and operates during the pendency of proceedings that may

5

continue at the trial court level; and (3) compels BHM's performance based on the District Court's determination that the SDR's claim of entitlement to those e-mails has merit. Accordingly, this Court has jurisdiction to consider the merits of BHM's appeal under Section 51.014(a)(4) of the Texas Civil Practices and Remedies Code and *Harley Marine*. *See Gruss v. Gallagher*, 680 S.W.3d 642, 653–55 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (holding that trial court's ruling ordering "the current books and records of the Company" be made immediately available to a party constituted "a new temporary injunction" subject to interlocutory appeal under TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4)).

As further support for this Court's jurisdiction, Section 51.014(a)(1) of the Texas Civil Practices and Remedies Code provides a statutory right for an appeal "from an interlocutory order of a district court" that "appoints a receiver or trustee." While BHM is not directly appealing the District Court's order appointing the SDR, the "character and function" of the District Court's May 6, 2025 Order that is challenged in this appeal is a modified order appointing receiver as it expands the scope of the SDR's receivership powers to include entitlement to the property of third

6

parties irrespective of that property's relevance to the receivership. *See Harley Marine*, 609 S.W.3d at 39 ("[I]t is the 'character and function of an order' that define its classification, not 'matters of form.'") (quoting *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam)). Thus, this Court also has jurisdiction over this appeal pursuant to Section 51.014(a)(1) of the Texas Civil Practices and Remedies Code. *See Gruss*, 680 S.W.3d at 653–55.

### 3. In the alternative, this Court has jurisdiction over this appeal because the challenged Order is a final judgment that disposes of all issues between BHM and the SDR concerning the "books and records" dispute.

Parties may appeal a final judgment in most civil disputes. *See* TEX. CIV. PRAC. & REM. CODE § 51.012. In determining whether a judgment is a "final judgment" over which an appellate court has jurisdiction, courts examine the substance of the claims before the trial court and the relief sought and granted rather than the form or words on the order. *See McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018) ("[N]o particular title, form, or language is required to make a judgment final. Rather, whether it is final depends on both the language in it and the record."). *See also Sealy Emergency Room, LLC v. Free Standing Emergency Room Managers of Am.*, 685 S.W.3d 816, 824 (Tex. 2024)

7

(rejecting argument that trial court's order was not final because the argument "prioritize[d] the technical recitation of unnecessary language over clarity" in appellate process). Thus, even if not "labeled a final judgment . . . an order constitutes a final judgment—and the time to appeal begins to run—when that order disposes of the last claim among the parties to the action." *Sealy Emergency Room*, 685 S.W.3d 820. *See also McFadin*, 539 S.W.3d at 283–84 ("If a judgment disposes of every remaining issue in a case, it does not lack finality for purposes of appeal merely because it . . . refers to only some of the parties or claims.").

Here, the only disputes between BHM and the SDR were: (1) which books and records in BHM's possession BHM is required to provide to the SDR (addressed by the SDR's Motion to Enforce) pursuant to the Insurer Receivership Act; and (2) whether it is appropriate to implement an ESI Protocol in connection with the production of the requested books and records (addressed by BHM's ESI Cross-Motion). The challenged Order disposes of both issues, leaving no further disputes or controversies between BHM and the SDR pending before the trial court (e.g., award of attorney's fees), and thus is a final, appealable order. *See, e.g., Target Mud and Drilling Fluids, Inc. v. Herrera,* No. 01-90-01150-CV, 1992 WL

8

76427, *1 (Tex. App.—Houston [1st Dist.] April 16, 1992, writ denied) (holding a trial court's order requiring one party to deliver certain books and records to the other party was a final judgment because it disposed of all issues before the trial court—a petition to access books and records and related request for attorney's fees—and "no future action by the trial court [was] necessary in order to settle and determine the entire controversy").

Accordingly, if this Court concludes the challenged Order is not an appealable interlocutory order, BHM asserts that in the alternative, this Court has jurisdiction over this appeal because the challenged Order is a final judgment resolving all disputes between BHM and the SDR.

## Conclusion

"Appellate procedure should not be tricky. It should be simple, it should be certain, it should make sense, and it should facilitate consideration of the parties' arguments on the merits." *Sealy Emergency Room*, 685 S.W.3d at 824 (quoting *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000) (Hecht, J., concurring)). For the reasons above, BHM respectfully submits that dismissal of this appeal for want of jurisdiction pursuant to TEX. R. APP. P. 42.3(a) would

9

be inappropriate, as this Court has jurisdiction because the challenged Order is: (1) an interlocutory order that is appealable under TEX. CIV. PRAC. & REM. CODE §§ 51.014(a)(4) and/or 51.014(a)(1); or, in the alternative, (2) a final judgment. Accordingly, BHM respectfully requests that this Court consider the merits of BHM's appeal and grant BHM all other just relief to which it may be entitled.

Respectfully submitted,

By: /s/ *Carlos R. Soltero*
     Carlos R. Soltero
     csoltero@maynardnexsen.com
     State Bar No. 00791702
     Brytne D. Kitchin
     bkitchin@maynardnexsen.com
     State Bar No. 24079973
     Lisa Alcantar
     lalcantar@maynardnexsen.com
     State Bar No. 24069284
     **MAYNARD NEXSEN**
     2500 Bee Caves Road
     Bldg. 1, Suite 150
     Austin, Texas 78746

     **Counsel for Appellant/Relator**

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was sent in accordance with TEX. INS. CODE § 443.007(d) and TEX. R. APP. P. 25.1(e) on July 14, 2025:

| | |
|---|---|
| *Via Email*:<br>gpierce@gpiercelaw.com<br>Gregory A. Pierce<br>P.O. Box 40<br>Austin, TX 78767<br><br>*Via Email*: cfuller@fullerlaw.org<br>Christopher Fuller<br>FULLER LAW GROUP<br>4612 Ridge Oak Drive<br>Austin, TX 78731<br>Telephone: (512) 470-9544<br><br>*Via Email:* Jane Webre<br>jwebre@scottdoug.com<br>Scott Douglas & McConnico<br>303 Colorado St., Suite 2400<br>Austin, Texas 78701<br>(512) 465-6300<br><br>*Attorneys for CANTILO &*<br>*BENNETT, L.L.P., Special*<br>*Deputy Receiver of*<br>*Bright Healthcare Insurance*<br>*Company of Texas*<br><br>*Via Email*:<br>SpecialMasterClerk@tdi.texas.gov<br>Tom Collins, Receivership Master<br>c/o Special Master's Clerk RLO<br>MC-FRD 1601 Congress Avenue<br>Austin, TX 78701 | *Via Email:*<br>Edwin.Hartsfield@tdi.texas.gov<br>Edwin Hartsfield<br>TEXAS DEPARTMENT OF INSURANCE<br>RLO MC-FRD<br>PO Box 12030<br>Austin, TX 78711-2030<br><br>*Via Email:*<br>Vane.Hugo@tdi.texas.gov<br>Vane Hugo<br>TEXAS DEPARTMENT OF INSURANCE<br>RLO MC-FRD<br>PO Box 12030<br>Austin, TX 78711-2030<br><br>*Via e-Service:*<br>Shawn.Martin@tdi.texas.gov<br>Shawn Martin<br>General Counsel Division<br>Office of Financial Counsel<br>TEXAS DEPARTMENT OF INSURANCE<br>PO Box 12030<br>Austin, TX 78711-2030<br><br>*Via e-Service:*<br>jrixen@rixenlaw.com<br>Jacqueline Rixen<br>RIXENLAW<br>8500 North Mopac Expy<br>Suite 605<br>Austin, TX 78759 |

| | |
|---|---|
| *Via Email:*<br>John.Walker@tdi.texas.gov<br>John Walker<br>TEXAS DEPARTMENT OF INSURANCE<br>RLO MC-FRD<br>PO Box 12030<br>Austin, TX 78711-2030<br><br>*Via Email:*<br>Milan.Shah@cms.hhs.gov<br>*Via Email:*<br>Kelly.Drury@cms.hhs.gov<br>Milan Shah<br>Kelly Drury<br>Centers for Medicare & Medicaid<br>Services Center for Consumer<br>Information and Insurance<br>Oversight<br>7501 Wisconsin Ave<br>Bethesda, MD 21814 | *Counsel for the Texas Life and Health Insurance Guaranty Association*<br><br>*Via First Class Mail*<br>INTERNAL REVENUE SERVICE<br>Special Procedures Branch<br>300 East 8th Street, Suite 352<br>Mail Stop 5026AUS<br>Austin, TX 78701 |
| *Via Email:*<br>Sandra.Salazar@tdi.texas.gov<br>Sandra Salazar<br>General Counsel Division<br>Office of Financial Counsel<br>TEXAS DEPARTMENT OF INSURANCE<br>PO Box 12030<br>Austin, TX 78711-2030<br><br>*Via e-Service:*<br>Zachary.Rhines@oag.texas.gov<br>Zachary L. Rhines<br>Assistant Attorney General<br>General Litigation Division<br>OFFICE OF THE TEXAS ATTORNEY GENERAL | *Via Email:* ASimon@fmdlegal.com<br>*Via Email:* Bgould@fmdlegal.com<br>Adrianne J. Simon<br>Blake Gould<br>Fultz Maddox Dickens PLC<br>101 South Fifth Street, 27th Floor<br>Louisville, KY 40202<br>*Counsel for THC Houston, LLC d/b/a Kindred Hospital Houston Northwest* |

| | |
|---|---|
| P.O. Box 12548, Mail Stop 01901<br>Austin, TX 78711-2548<br>*Counsel for Texas Department of*<br>*Insurance* | |

*/s/ Carlos Soltero*
Carlos R. Soltero


## CERTIFICATE OF COMPLIANCE

Microsoft Word reports that this document contains 1,761 words, excluding the portions of the document exempted by TEX. R. APP. P. 9.4(i)(1).

*/s/ Carlos Soltero*
Carlos R. Soltero

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Max Mendel on behalf of Carlos Ramon Soltero
Bar No. 791702
mmendel@maynardnexsen.com
Envelope ID: 103102634
Filing Code Description: Response
Filing Description: 2025-07-14 BHM Reply to Order re Jurisdiction
Status as of 7/14/2025 3:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michaelle Peters | | mpeters@scottdoug.com | 7/14/2025 2:54:55 PM | SENT |
| Jane Webre | | jwebre@scottdoug.com | 7/14/2025 2:54:55 PM | SENT |
| Christopher Fuller | 7515500 | cfuller@fullerlaw.org | 7/14/2025 2:54:55 PM | SENT |
| Gregory Pierce | 15994250 | gpierce@gpiercelaw.com | 7/14/2025 2:54:55 PM | SENT |
| Patricia Muniz | | pmuniz@inquestresources.com | 7/14/2025 2:54:55 PM | SENT |
| Brian Falligant | | bfalligant@inquestresources.com | 7/14/2025 2:54:55 PM | SENT |
| Abril Rivera | | arivera@scottdoug.com | 7/14/2025 2:54:55 PM | SENT |
| Rachael Padgett | | rpadgett@maynardnexsen.com | 7/14/2025 2:54:55 PM | SENT |
| Lisa Alcantar | | lalcantar@maynardnexsen.com | 7/14/2025 2:54:55 PM | SENT |
| Kayla RosePfeiffer | | KPfeiffer@maynardnexsen.com | 7/14/2025 2:54:55 PM | SENT |
| Carlos R.Soltero | | CSoltero@MaynardNexsen.com | 7/14/2025 2:54:55 PM | SENT |
| Max Mendel | | mmendel@maynardnexsen.com | 7/14/2025 2:54:55 PM | SENT |
| Brytne Kitchin | | bkitchin@maynardnexsen.com | 7/14/2025 2:54:55 PM | SENT |