The STATE of Texas, Appellant,

v.

Wendy R. DUNBAR, Appellee.

No. 09–08–104 CR.

Court of Appeals of Texas,
Beaumont.

Submitted on Sept. 24, 2008.

Decided Oct. 15, 2008.

Michael A. McDougal, Dist. Atty., Nancy Hebert, Gail Kikawa McConnell, Asst. Dist. Attys., Conroe, for state.

Terri C. Mendez, Conroe, for Appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

This appeal by the State challenges the trial court's authority to place a defendant previously adjudicated guilty of a "3g" offense on "shock probation." [1] We hold that Wendy R. Dunbar was ineligible for community supervision on the date the trial court suspended execution on her four year sentence for indecency with a child by sexual contact. Accordingly, we vacate the community supervision order, reinstate the judgment of conviction and remand the case for the trial court to carry out the sentence previously imposed.

The indictment alleged that on or about June 10, 1996, Dunbar and a co-defendant, with the intent to arouse and gratify the sexual desire of the defendants, intentionally and knowingly engaged in sexual contact with a child younger than seventeen and not the spouse of the defendants. *See* TEX. PEN.CODE ANN. § 21.11(a)(1) (Vernon 2003).[2] On June 6, 1997, the trial court deferred adjudication of guilt and placed Dunbar on community supervision for ten years. On April 18, 2007, the State moved to adjudicate guilt. The trial court convicted Dunbar and on September 5, 2007,

---

1. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(C) (Vernon Supp.2008); TEX.CODE CRIM. PROC. ANN. art. 42.12, § 6 (Vernon Supp. 2008).

2. Throughout this appeal, we cite to the current version of the statutes as the additions to the statutes do not apply to this appeal and the subsections pertinent to this case have not materially changed since the date of Dunbar's offense.

the trial court imposed a sentence of four years of incarceration. Dunbar filed a motion to impose community supervision on December 6, 2007. The trial court signed a shock community supervision order on February 14, 2008, and the State appealed. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a), (d) (Vernon Supp.2008).

Dunbar contends we lack jurisdiction over this appeal. One case on which she relies involved an appeal by the State on the ground that the sentence was illegal. *See State v. Ramirez,* 62 S.W.3d 356 (Tex. App.–Corpus Christi 2001, no pet.); *see also* TEX.CODE CRIM. PROC. ANN. art. 44.01(b) (Vernon Supp.2008). In this case, the State relies on a different basis for the appeal. The other case Dunbar cites concerned a post-conviction habeas corpus proceeding following revocation of probation for which the applicant had not been eligible. *See Ex parte Williams,* 65 S.W.3d 656, 657 (Tex.Crim.App.2001). In *Williams,* the Court of Criminal Appeals denied habeas relief because the applicant had not been harmed by being granted probation notwithstanding his ineligibility. *Id.* at 658. The Court of Criminal Appeals specifically disavowed a prior case that held that an unlawful grant of probation constitutes an illegal or void sentence. *Id.* (overruling *Heath v. State,* 817 S.W.2d 335, 336 (Tex.Crim.App.1991)).

■ "[C]ommunity supervision is not a sentence or even a part of a sentence." *Speth v. State,* 6 S.W.3d 530, 532 (Tex. Crim.App.1999). In this case, the execution on the sentence is at issue, not the sentence itself. The State has appealed an order that "arrests or modifies a judgment." *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(2) (Vernon Supp.2008). The judgment includes the sentence but is not limited to the sentence. *See Collins v. State,* 240 S.W.3d 925, 927–28 (Tex.Crim.App. 2007). Because a community supervision order arrests or modifies a judgment, Article 44.01(a)(2) authorizes the State to appeal a shock community supervision order. *See In re State ex rel. De Leon,* 89 S.W.3d 195, 196 (Tex.App.–Corpus Christi 2002, orig. proceeding). The State may appeal an order that modifies a judgment regardless of the legal grounds for the appeal. *State v. Gutierrez,* 129 S.W.3d 113, 115 (Tex.Crim.App.2004). The notice of appeal filed in this case invoked our appellate jurisdiction and the State was statutorily authorized to pursue the appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2), (d). Therefore, we turn to the merits of the State's issue.

Within 180 days from the date the execution of a sentence actually begins, the judge of the court that imposed the sentence may suspend further execution of the sentence and place the defendant on community supervision. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 6(a). This grant of power to the trial judge is not unlimited, however; the shock community supervision statute expressly requires that "the defendant is otherwise eligible for community supervision under this article[.]" *Id.* Judge-ordered community supervision is not available to a defendant who has been adjudged guilty of indecency with a child by sexual contact. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(C).

■ Dunbar contends the State failed to preserve the error. *See* TEX. R.APP. P. 33.1. "Generally speaking, a court's authority to act is limited to those actions authorized by constitution, statute, or common law." *State v. Johnson,* 821 S.W.2d 609, 612 (Tex.Crim.App.1991). The trial court adjudged Dunbar guilty of indecency with a child by sexual contact and imposed sentence on September 5, 2007. No motion for new trial was filed or granted and Dunbar's conviction and sentence became final thirty days later. *See*

*generally Collins,* 240 S.W.3d at 927, n. 2 (citing *Swearingen v. State,* 189 S.W.3d 779, 781 (Tex.Crim.App.2006)). Except to the extent authorized by statute, the trial court lost its authority to modify the judgment after that date. *See Awadelkariem v. State,* 974 S.W.2d 721 (Tex.Crim.App.1998). As explained in *Awadelkariem,* the trial court may reconsider its actions in a case so long as the action occurs within the period for ruling on a motion for new trial. *Id.* at 728. A claim processing rule may be subject to procedural default. *See State v. Moore,* 225 S.W.3d 556, 566–68 (Tex.Crim.App.2007). For example, error in granting late amendment of a timely-filed motion for new trial may be waived if the State fails to object when provided an opportunity to do so. *Id.* at 569–70. Systemic requirements that cannot be waived or forfeited "include both jurisdictional prerequisites to the exercise of judicial authority and nonjurisdictional fundamentals of lawmaking and adjudication." *Ieppert v. State,* 908 S.W.2d 217, 219 (Tex.Crim.App.1995). Once a case becomes final the trial court has no power to act unless the order is specifically authorized by statute. *See State v. Patrick,* 86 S.W.3d 592, 595–96 (Tex.Crim.App.2002). Thus, the authority of a trial court to act in a particular case at a particular time is a systemic requirement. *See Moore,* 225 S.W.3d at 567–68, n. 47. We conclude that the issue raised by the State is not subject to procedural default.

 "The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe." Tex.

Const. art. IV, § 11A.[3] In a felony case, the trial court lacks "jurisdiction" to grant shock community supervision not authorized by Article 42.12, § 6. *See State ex rel. Bryan v. McDonald,* 642 S.W.2d 492, 493 (Tex.Crim.App.1982). Even in a situation where the defendant is eligible for shock community supervision and makes the request in a timely fashion, if the trial court signs the order suspending execution on the sentence after it loses power to modify the judgment, the order is void. *See Ex parte Busby,* 67 S.W.3d 171, 174 (Tex.Crim.App.2001), *overruled on other grounds by Ex parte Hale,* 117 S.W.3d 866, 872 (Tex.Crim.App.2003). Here, the trial court's power to grant shock community supervision was not invoked because as a matter of law Dunbar was not eligible for judge-ordered community supervision after conviction and imposition of sentence for an offense under Section 21.11(a)(1) of the Penal Code. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(C).

Under the express terms of Article 42.12, § 6(a), Dunbar was not eligible for judge-ordered community supervision on February 14, 2008. Therefore, Article 42.12, § 6(a) did not authorize the trial court to modify the judgment after it became final. We hold that the trial court lacked the authority to suspend the execution of the sentence and place Dunbar on shock community supervision. Accordingly, we vacate the trial court's order of February 14, 2008, reinstate the judgment of September 5, 2007, and remand the case to the trial court with instructions to carry out the sentence previously imposed.

REVERSED AND REMANDED.

---

**3.** After final conviction, a trial court does not have an inherent power to grant reprieves or commutations of punishment; that function is constitutionally reserved to the Governor. *See* Tex. Const. art. IV, § 11(b).