NO. 07-10-00488-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 23, 2012

DOMINIC JACKSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15545-0406; HONORABLE EDWARD LEE SELF, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant Dominic Jackson appeals from the trial court's judgment revoking his community supervision and sentencing him to seven years of imprisonment. Through one issue, appellant contends the trial court erred by entering an amended order to withdraw funds. Finding the trial court exceeded its authority to modify its judgment by signing the amended order, we will vacate the amended order and affirm the original judgment of the trial court.

Background

Appellant was indicted in 2004 for the second-degree felony offense of robbery.[1] Appellant plead guilty and the court adjudicated his guilt and placed him on community supervision for a period of ten years. The court also assessed a fine of $2000, court costs, restitution and attorney's fees in the amount of $500. Appellant's community supervision was subject to certain terms and conditions.

In October 2004, the State filed a motion to revoke appellant's community supervision. The court heard the motion during which appellant plead "true" to three of the State's four alleged violations of the terms of community supervision. Appellant also signed a written stipulation of the evidence. The trial court continued appellant's community supervision with the modified conditions that appellant complete a program at the Lubbock County jail and pay additional court-appointed attorney's fees in the amount of $250.

The State filed another motion to revoke in March 2008. The court held a hearing in April 2008, appellant plead "true" to the State's allegations, and he signed a written stipulation of evidence. The trial court again continued appellant's community supervision with the modification that appellant pay a "sanction fine" of $1000, additional court-appointed attorney's fees of $250, and perform an additional 240 hours of community service.[2]

---

[1] Tex. Penal Code Ann. § 29.02(a)(2) (West 2011).

[2] See Tex. Code Crim. Proc. Ann. art. 42.12, § 22(a)(3), (d) (West 2011) (providing for additional conditions of continued or modified community supervision after violation, including "sanction" of increase in defendant's fine).

2

The State filed a third motion to revoke in October 2010. The court held a hearing on November 22, 2010, at which appellant entered a plea of "true" to four of the five allegations in the State's motion, and signed a written stipulation of evidence. At the conclusion of the hearing, the trial court revoked appellant's community supervision and assessed punishment at the original sentence of seven years of imprisonment, a fine of $2000, and court costs, attorney's fees and restitution "previously assessed and unpaid." The court's judgment revoking community supervision, signed November 22, 2010, contains language reading, "Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof." The order, also signed November 22, is directed to the Texas Department of Criminal Justice, and orders payment of "courts costs, fees and/or fines and/or restitution" totaling $2264.00 from appellant's inmate account.[3] The order further contains language stating it "is entered and incorporated in the Judgment and Sentence of this Court . . . ."

The next page in the clerk's record following the November 22, 2010 Attachment A is an "Amended Attachment A—Order to Withdraw Funds," signed on January 13, 2011. The amended order increased the amount to be paid from appellant's inmate account to $4264.00. The amended order also contains the language incorporating it into the court's judgment. So far as the record shows, the amended order, signed fifty

---

[3] The order cites Government Code § 501.014. Tex. Gov't Code Ann. § 501.014 (West 2011). The Texas Supreme Court noted in *Harrell v. State,* 286 S.W.3d 315, 316 n1 (Tex. 2009), that § 501.014(e) describes the "trigger" for withdrawal of funds from an inmate's account as "notification by a court." To distinguish it from other orders, this court sometimes has referred to the document directing withdrawal of funds as a "withdrawal notification."

3

days after sentence was imposed in open court, was signed by the trial court *sua sponte*. No motion for new trial or motion in arrest of judgment appears in the record.[4] It is the amended order to withdraw funds of which appellant complains on appeal. The State has not favored us with an appellee's brief.

Analysis

As appellant's brief notes, the record does not itemize, explicitly, the amounts that make up the $2264.00 total contained in the original withdrawal order, or those making up the $4264.00 in the amended order. From his review of the clerk's record, however, appellant contends that $1000 of the increased amount is attributable to the "sanctions fine" imposed in April 2008. Because that fine was not orally pronounced when he was sentenced in November 2010, appellant argues it cannot be collected from him. He asks us to reform the amended order to reduce the withdrawal amount by $1000.

Because we find a more fundamental error in the signing of the amended withdrawal order in January 2011, however, we do not reach appellant's contention. The Texas Supreme Court has characterized the process of recovery of amounts through withdrawal from inmate accounts by court order as a civil, rather than criminal, matter. *Harrell v. State,* 286 S.W.3d 315, 318 (Tex. 2009). We have no need here to attempt an evaluation of the effect of incorporation of a withdrawal order into the written

---

[4] See Tex. R. App. P. 21.4 (defendant may file motion for new trial no later than thirty days after imposition or suspension of sentence in open court); Tex. R. App. P. 22.3 (defendant may file motion in arrest of judgment, by same date).

4

criminal judgment memorializing the revocation of appellant's community supervision and his sentence. Nor do we intend any comment on the efficacy of such an incorporation. But it seems to us that if a court is going to make such a withdrawal order a part of its judgment, the rules applicable to judgments must apply to the order so incorporated in the same way they apply to other parts of the court's judgment.

The parameters of a district court's power to alter its judgment in a felony case may in some respects be unclear. *See State v. Aguilera*, 165 S.W.3d 695, 704 (Tex.Crim.App. 2005) (Keasler, J., dissenting) (stating the court has recognized trial courts have "plenary power" to alter orders, but has not resolved what that power encompasses or how long it lasts); *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex.Crim.App. 1998) (trial court may modify order on motion for new trial within seventy-five days provided by rule). Whatever those parameters are, however, they do not encompass the modification of a judgment fifty days after sentencing with no post-trial motion being filed.[5] *See* Tex. R. App. P. 21 (new trials in criminal cases); Tex. R. App. P. 22 (arrest of judgment in criminal cases); *In re Sistrunk*, 142 S.W.3d 497, 503 (Tex.App.—Houston [14th Dist.] 2004, orig. proceeding) (per curiam) (citing *Awadelkariem* for proposition that judge's plenary power over a proceeding is limited by rules of appellate procedure and statute).

---

[5] A trial court's authority to take action in a case also may be affected by perfection of an appeal and filing of the record in the appellate court. Tex. R. App. P. 25.2(g). Notice of appeal in this case was filed December 1, 2010; both the clerk's record and the reporter's record were filed in this court before the trial court signed the amended withdrawal order.

Via entry of a judgment nunc pro tunc, a trial court may correct clerical mistakes or errors in a judgment, not involving judicial reasoning, after expiration of its plenary power. *State v. Bates*, 889 S.W.2d 306, 309 (Tex.Crim.App. 1994) (applying former rule of appellate procedure 36); *State v. Dudley*, 223 S.W.3d 717, 721-22 (Tex.App.—Tyler 2007, no pet.). We see nothing in this record to suggest the court was exercising its nunc pro tunc authority when it signed the amended withdrawal order.

Because the court made the withdrawal order a part of its judgment, it was without authority to modify the withdrawal order outside the period of time the appellate rules permitted. On the circumstances presented in this record, that period of time expired thirty days from the date sentence was imposed in open court. *See Awadelkariem,* 974 S.W.2d at 728; *International Fid. Ins. Co. v. State,* No. 14-98-00324-CR, 2000 Tex.App. LEXIS 3752, at *9-11 (Tex.App.—Houston [14th Dist.] June 8, 2000, pet. ref'd) (mem. op., not designated for publication) (bond forfeiture). Accordingly, we vacate the amended order to withdraw funds signed January 23, 2011, and otherwise affirm the trial court's judgment.

James T. Campbell
Justice

Publish.