# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00635-CV
NO. 03-12-00636-CV
NO. 03-12-00637-CV
NO. 03-12-00638-CV
NO. 03-12-00639-CV
NO. 03-12-00640-CV
NO. 03-12-00641-CV
NO. 03-12-00642-CV
NO. 03-12-00643-CV

**Jasper Canady England, Appellant**

**v.**

**State of Texas, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NOS. CR23,124; CR23,125; CR23,126; CR23,277; CR23,278;
CR23,279; CR23,387; CR23,388; CR23,389
HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Jasper Canady England pleaded guilty and was convicted of nine felonies. In each judgment of conviction, the trial court specified the amount of court costs and ordered England to pay the court costs per order to withdraw funds. *See* Tex. Gov't Code Ann. § 501.014 (West 2012). England appeals pro se from the trial court's denial of his post-conviction motion to strike or modify the orders for withdrawal of funds. Because we conclude that the trial court did not

abuse its discretion when it denied his motion as to each withdrawal order, we affirm the trial court's orders.

## BACKGROUND

After entering into a plea agreement and pleading guilty to nine felonies in February 2012, England received nine separate sentences of fifteen years' confinement with the sentences to run concurrently. In each of the respective judgments of conviction, the amount of court costs was specified, and the trial court ordered England to pay the court costs per order to withdraw funds. As part of the judgments, the trial court signed orders filed on the same date as the judgments to withdraw funds from England's inmate account. In each order, the trial court specified the amount of court costs owed and directed the Texas Department of Criminal Justice (the Department) to withdraw funds from England's inmate account to pay the court costs. For purposes of this appeal, each order directs the Department to deduct an initial amount equal to a percentage of the account balance and then to deduct "10% of each deposit in the offender's Inmate Trust Account." England did not appeal the judgments of conviction.

In August 2012, England filed a post-conviction motion to strike or modify orders for withdrawal of funds as to each of the nine judgments of conviction. The trial court denied England's motion on the same day it was filed. These appeals followed.

## ANALYSIS

England raises two issues on appeal. He contends that: (1) "[t]he trial court erred when it failed to consolidate" the nine orders for withdrawal of funds from his inmate account "in

2

light of concurrent sentencing of nine offenses," and (2) "[t]he trial court erred when it ordered withdrawal of funds" in eight of the cases because "the trial court had lost jurisdiction and had no authority to do so."

We review a trial court's denial of a motion contesting a withdrawal order under an abuse of discretion standard. *See Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

England's first issue challenges alleged deductions by the Department from deposits into his inmate account starting in May 2012. England contends that the Department is making "nine separate deductions of 10%" for each deposit into England's inmate account. He argues that there is no statutory basis for ordering such a large percentage from each deposit. He also argues that, because his sentences were concurrent, he "should only have to pay court costs once, as in one sentence" or that the Department should only be able to deduct 10% per deposit into his account. He seeks for the orders to be "consolidated" and further asks this Court to determine whether attorney's fees were included in the court costs.

England has waived any challenge to the assessment of court costs in each cause number on appeal. *See Malone v. State*, No. 02-10-00383-CV, 2012 Tex. App. LEXIS 1429, at *8 (Tex. App.—Fort Worth Feb. 23, 2012, pet. denied) (mem. op.) (citing *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011), for proposition that assessment of court costs is criminal matter and complaints concerning assessment must be made by direct appeal of the criminal judgment). England pleaded guilty pursuant to plea agreements and waived his right to appeal the

3

judgments of conviction against him, including the assessments of court costs. Each judgment of conviction specified the amount of court costs and ordered England to pay them per order to withdraw funds. England signed each judgment of conviction.

We also find England's reliance on *State v. Crook*, 248 S.W.3d 172 (Tex. Crim. App. 2008), misplaced. In that case, the court of criminal appeals concluded that the trial court should have ordered thirteen fines arising from thirteen convictions for barratry "which arose out of the same criminal episode" to run concurrently. *Id*. at 173, 177. Unlike this proceeding that is civil in nature, the complaint in that case was made by direct appeal of the criminal judgment. *See id.*; *Wilson v. State*, No. 07-11-00019-CR, 2012 Tex. App. LEXIS 525, at *2–3 (Tex. App.—Amarillo Jan. 24, 2012, no pet.) (mem. op., not designated for publication) (reforming judgments of conviction on direct appeal so that they did not reflect cumulative fine); *see also Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009) (noting that post-judgment collection efforts under section 501.014 "designed to reimburse the State, not to punish the inmate"). We also find court costs distinct from fines. *See Weir v. State*, 278 S.W.3d 364, 365 (Tex. Crim. App. 2009) (citation omitted) (noting that assessment of court costs was a "nonpunitive 'recoupment of the costs of judicial resources expended in connection with the trial of the case'"); *see also* Tex. Gov't Code Ann. § 102.021 (West 2012) (setting forth court costs that person convicted of an offense "shall pay").

As to England's argument that the Department should only be able to deduct 10% per deposit into his account, we note that the plain language of section 501.014 of the Government Code does not limit the court's authority to direct the Department to deduct court costs from deposits into

4

an inmate account, such as by limiting the amount of a deduction to a certain percentage of the balance of an inmate account. *See* Tex. Gov't Code Ann. § 501.014. It expressly authorizes the Department to withdraw funds based upon a court order and sets a "schedule of priorities," including among the listed priorities the "payment in full for all orders for court fees and costs." *See id.* § 501.014(e). We overrule England's first issue.

In his second issue, England challenges the trial court's jurisdiction to order the withdrawal of funds from his inmate account in eight of the cause numbers. England contends that he only "acknowledged and accepted" the order in one cause number, trial court cause number 23,389, on February 3, 2012, that he did not receive the other orders until the end of April and, therefore, that they "were issued outside the trial court's authority."

England cites *Jackson v. State*, 362 S.W.3d 817, 820 (Tex. App.—Amarillo 2012, no pet.), to support his contention that the trial court did not have authority to issue the withdrawal orders in eight of the cause numbers. *See id*. (vacating amended order to withdraw funds that part of judgment because court "was without authority to modify the withdrawal order outside the period of time the appellate rules permitted"); *see also State v. Aguilera*, 165 S.W.3d 695, 696–98 (Tex. Crim. App. 2006) (discussing trial court's plenary power to modify sentence). Even were we to apply the analysis in *Jackson*, however, the record does not support England's contention that the trial court modified the withdrawal orders or acted outside its plenary power. Providing copies of the withdrawal orders at a later date to England did not modify the orders that were signed on the same date as the judgments of conviction. The withdrawal orders signed on the same date as the judgments of conviction are the only ones in the record for each cause number. Further, England

5

signed each of the judgments of conviction and each judgment expressly references the amount of court costs and orders England to pay the court costs "per order to withdraw funds." We overrule England's second issue.

To the extent that England raises due process concerns as part of his issues, he admits that he received copies of the withdrawal orders, and his appeal is from the denial of his motion to strike or modify the withdrawal orders. Thus, afforded notice and an opportunity to be heard, he received all the due process that was required. *See Harrell*, 286 S.W.3d at 321 (holding that due process satisfied when inmate received notice and an opportunity to be heard to challenge withdrawal orders). We conclude that the trial court did not abuse its discretion by denying England's post-conviction motion to strike or modify the orders for withdrawal of funds in each cause number.

## CONCLUSION

Having overruled England's issues, we affirm the trial court's orders.[1]

---

[1] Pending before this Court in each cause number is England's objection to untimely filing of appellee's brief or motion for extension of time to file brief. The State declined to file an appellee's brief. We dismiss England's objection in each appeal as moot.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed: May 31, 2013