COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-11-00370-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | County Court at Law No. 7 |
| LIZZETH AGUIRRE, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20110C00200) |
| | § | |

## **O P I N I O N**

Appellant, the State of Texas, appeals from an order modifying the terms and conditions of Appellee Lizzeth Aguirre's community supervision. We vacate the trial court's order probating Appellee's fine balance signed November 14, 2011.

## **BACKGROUND**

In January 2011, Appellee was charged by information with driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. § 49.04 (West 2011). On June 9, 2011, Appellee pleaded guilty to the information, and the trial court adjudged Appellee guilty, and assessed punishment at 180 days' confinement in the county jail and a fine of $2,000, of which $1,000 was probated. The imposition of the jail sentence was suspended, and Appellee was placed on community

supervision[1] for a two-year period. Appellee did not move for a new trial or file a notice of appeal.

On October 4, 2011, Appellee filed a motion to modify the conditions of her probation requesting that she be permitted to do work release instead of two years adult probation. The trial court signed a confinement order on October 31, 2011. On November 14, 2011, the trial court entered an order modifying the terms and conditions of community supervision. This order provided that Appellee's fine balance of $961 was to be probated as of October 31, 2011. The State appealed from this order.[2]

**DISCUSSION**

In a single issue on appeal, the State argues the trial court lacked the authority to modify Appellee's sentence by probating her fine more than five months after the trial court's sentence was imposed. We agree.

Article 44.01(a)(2) of the Texas Code of Criminal Procedure permits an appeal by the State in a criminal case if the order arrests or modifies a judgment. TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2) (West 2006); *see State v. Gutierrez*, 129 S.W.3d 113, 115 (Tex.Crim.App. 2004) (an order reducing defendant's punishment was an order modifying judgment from which State could appeal). We must determine first whether the trial court's order involves an order modifying a judgment such that the State is authorized to bring this appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2).

"When a defendant is placed on probation, 'the imposition of sentence is suspended'; i.e., the defendant's punishment has been assessed, but the court has postponed ordering the execution

---

[1]   In this opinion, we use the term "community supervision" interchangeably with the formerly proper and still commonly used term "probation."
[2]   Appellee has not filed a brief to assist us in our disposition of this appeal.

of the punishment. Imposition of sentence may be suspended in whole or in part." *Davis v. State*, 977 S.W.2d 859, 860 (Tex.App. – Dallas 1998, no pet.) (citations omitted). The record before us does not contain a reporter's record from the original plea proceeding. However, the original judgment and sentence contained in the clerk's record reflects that the trial court assessed Appellee's punishment at 180 days of confinement, a fine of $2,000 of which $1,000 was probated, and costs of $432. In its original judgment and sentence, the trial court further stated that the best interests of society and Appellee would be served by suspending the imposition of the sentence and granting Appellee community supervision. In the section of the original judgment and sentence which lists the terms and conditions of Appellee's community supervision, we note that the $2,000 fine and $1,000 probated portion of that fine and court costs are restated. Additionally, the collection notice in the clerk's record indicates that a $2,000 fine was imposed, $1,000 of that fine was probated, and that the total fine due was $1,000.

Thus, on June 9, 2011, the date the original judgment and sentence was entered, the trial court suspended imposition of the confinement portion of the sentence as well as payment of $1,000 of the fine. By probating only half of the fine, imposition of Appellee's sentence was only partially suspended. *See Davis*, 977 S.W.2d at 860. And as such, the trial court imposed the sentence and ordered Appellee to pay $1,000, the unprobated portion of the fine. *See State v. Ross*, 953 S.W.2d 748, 750 (Tex.Crim.App. 1997) (stating that sentence is no more than the portion of judgment setting out punishment terms); *see also State v. Kersh*, 127 S.W.3d 775, 777 (Tex.Crim.App. 2004) (sentence includes a fine).

As the State correctly notes, a trial court may alter or modify the conditions of community supervision at any time during the probationary period. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (West 2006). However, in this case, the trial court's order probating the $961 fine

3

balance did not modify or amend the conditions of community supervision, instead it modified an already imposed and executed fine that was part of the original judgment and sentence. Because the trial court's order modified the judgment by suspending payment of an already imposed and executed fine the State is allowed to appeal the trial court's order. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2); *In re State ex rel. De Leon*, 89 S.W.3d 195, 196 (Tex.App. – Corpus Christi 2002, orig. proceeding) (concluding the State was authorized to appeal a shock community supervision order because order modified judgment by taking the imposed sentence, a term of imprisonment, and instead implementing a term of probation, which is not a sentence); *Johnson v. State,* 286 S.W.3d 346, 350 (Tex.Crim.App. 2009) (rejecting appellate court's conclusion that additional jail time was harmless error because trial court could modify or amend conditions of probation at any time during community supervision period because trial court did not modify or amend community supervision conditions and the additional jail time was made part of the original written judgment and was signed on same day as original sentence); *see also Collins v. State*, 240 S.W.3d 925, 928 (Tex.Crim.App. 2007) (explaining that sentence is part of judgment and thus order giving additional "back-time" days modified judgment making order appealable); *Gutierrez*, 129 S.W.3d at 114-15 (order reducing defendant's punishment was order modifying judgment that State could appeal from).

Next, we must determine whether the State is correct in that the trial court did not have authority to probate the balance due[3] on the unprobated portion of Appellee's fine more than five months after the sentence was imposed. The State contends the trial court's order was void and without effect because the trial court modified Appellee's sentence after its plenary jurisdiction

---

[3] The record reflects that the trial court's order probated $961 of Appellee's fine which indicates that a payment of $39 had been previously made on the unprobated fine of $1,000.

expired without statutory authority and outside the presence of the parties. Generally, a trial court's power to act is limited to those actions authorized by constitution, statute, or common law. *State v. Dunbar*, 269 S.W.3d 693, 695 (Tex.App. – Beaumont 2008), *aff'd*, 297 S.W.3d 777 (Tex.Crim.App. 2009). The trial court's plenary power to modify a sentence expires thirty days after sentencing unless a defendant moves for a new trial or an arrest of judgment within those thirty days. TEX.R.APP.P. 21.4, 22.3; *State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex.Crim.App. 2005). After the thirty-day period, the trial court has no power to modify the judgment unless it is specifically authorized by statute. *See Dunbar*, 269 S.W.3d at 696.

Under Article IV, Section 11A of the Texas Constitution:

> The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe.

TEX. CONST. art. IV, § 11A. Nonetheless, there is nothing in Article 42.12 authorizing the suspension of further execution of a sentence other than the provisions regarding shock community supervision and boot camp which are inapplicable to the imposition of a fine as those provisions relate to the suspension of a sentence of confinement or imprisonment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 6 (felony "shock" probation), 7 (misdemeanor "shock" probation), 8 (state boot camp program) (West 2006). The State argues that the trial court's order to probate the $961 fine balance could not have been based on Section 7 of Article 42.12 because Appellee's case concerns the suspension of a fine whereas Section 7 authorizes the trial court to suspend further execution of the sentence and place a defendant on community supervision, if the trial court opines that a defendant would not benefit from further confinement. *Id*. at 42.12, § 7(a). Additionally, that provision requires a hearing to allow both parties to present evidence.

5

*Id*. at 42.12, § 7(c).   There is nothing in the record indicating that a hearing based on the above provision was conducted.   Accordingly, we do not discern a source of jurisdiction authorizing the trial court's modification of Appellee's sentence.

Here, the $1,000 unprobated portion of Appellee's fine that was written in the trial court's judgment and sentence was imposed and executed on June 9, 2011.[4]   The record reflects Appellee did not move for a new trial or an arrest of judgment.   Thus, the trial court's plenary power to modify its judgment which included the $1,000 fine expired on July 11, 2011, thirty days from June 9, 2011.   *See* TEX.R.APP.P. 21.4, 22.3; *Aguilera*, 165 S.W.3d at 697-98.   Because the trial court's order probating the balance of Appellee's fine was signed on November 14, 2011, several months after the expiration of the trial court's plenary jurisdiction, the trial court lacked authority to modify Appellee's judgment as to the unprobated portion of the fine because the fine was included as part of the trial court's original judgment and sentence.   *See Jackson v. State*, 362 S.W.3d 817, 819-20 (Tex.App. – Amarillo 2012, no pet.) (vacating trial court's amended order to withdraw funds where modification of judgment occurred fifty days after sentencing with no post-trial motions being filed because court "was without authority to modify the withdrawal order outside the period of time the appellate rules permitted" as court made withdrawal order part of its judgment); *State v. Vasquez*, No. 13-05-00784-CR, 2006 WL 2168801, at *1 (Tex.App. –Corpus Christi Aug. 3, 2006, no pet.) (mem. op., not designated for publication) (concluding trial court lacked plenary jurisdiction to modify original judgment and reduce defendant's sentence from five years' to three years' imprisonment 170 days after the original sentence was imposed where no motion for new trial or motion in arrest of judgment was filed).   The State's sole issue is

---

[4] We also note that the record reflects that at the time her sentence was imposed Appellee had not been declared unable to pay costs.

sustained.

## CONCLUSION

Having sustained the State's sole issue, we vacate the trial court's November 14, 2011 order probating Appellee's fine balance of $961.


GUADALUPE RIVERA, Justice

November 20, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

7