

NUMBER 13-13-00434-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**THE STATE OF TEXAS,**                                                  **Appellant,**

**v.**

**HERBERT JARMON,**                                                  **Appellee.**

### On appeal from the County Court at Law No. 4 of
### Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides and Perkes
### Memorandum Opinion by Justice Garza

By a single issue, the State appeals the trial court's order granting appellee, Herbert Jarmon, a new trial. The State contends that appellee's motion for new trial was untimely filed, that the trial court abused its discretion in finding that article 42.12, section 7 of the code of criminal procedure extended its jurisdiction, and that the trial court

therefore lacked jurisdiction to grant the motion. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 7 (West, Westlaw through 2013 3d C.S.). We sustain the State's jurisdictional challenge, reverse the trial court's grant of a new trial, and reinstate appellee's conviction.[1]

## I. BACKGROUND

On December 28, 2012, appellee waived his rights, including his right to counsel, and pursuant to a plea bargain, pleaded guilty to one count of evading arrest, *see* Tex. Penal Code Ann. § 38.04(a), (b) (West, Westlaw through 2013 3d C.S.), one count of resisting arrest, *see id.* § 38.03(a), (c) (West, Westlaw through 2013 3d C.S.), and two counts of failure to identify, *see id.* § 38.02(b), (d)(2) (West, Westlaw through 2013 3d C.S.), each a Class A misdemeanor offense. The trial court sentenced appellee to forty days' confinement for each count with the sentences to run concurrently. The sentence for each offense was imposed the same day, December 28, 2012.

On May 15, 2013, appellee, through counsel, filed a motion for new trial. The motion asserted that appellee's guilty plea was involuntary because he "was not properly advise[d] of the legal consequences" of his plea and requested a new trial "in the interest of justice."

On May 22, 2013, the trial court held a hearing on appellee's motion. At the hearing, appellee's counsel argued that at the time appellee pleaded guilty, he was not advised that the State could later use his guilty plea to enhance a subsequent allegation. The State argued that: (1) appellee's motion for new trial was untimely; and (2) appellee waived his right to counsel when he pleaded guilty. The trial court stated that its

---

[1] Appellee has not filed a brief to assist us in our disposition of this appeal.

jurisdiction was "extended" by article 42.12, section 7 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 7. The State argued that article 42.12, section 7, the statute authorizing shock community supervision in misdemeanor cases, addresses a trial court's authority to suspend a defendant's sentence and place him on community supervision, but does not otherwise extend the trial court's jurisdiction to grant an untimely-filed motion for new trial. The trial court signed the order granting appellee a new trial.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"A trial judge's decision to grant a motion for new trial is reviewed only for an abuse of discretion." *State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013). "That discretion, however, is not unbounded or unfettered." *Id.* "A judge may grant or deny a motion for new trial 'in the interest of justice,' but justice means in accordance with the law." *Id.* "A judge may not grant a new trial on mere sympathy, an inarticulate hunch, or simply because he believes the defendant received a raw deal or is innocent." *Id.*

A trial court's jurisdiction over a case is an absolute systemic requirement. *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009). Without jurisdiction, the trial court has no power to act. *Id.* If no community supervision is imposed, no motion for new trial or in arrest of judgment is filed, and no appeal is taken, then the trial court's personal jurisdiction over the accused terminates thirty days after sentencing. *Id.*; *see* TEX. R. APP. P. 21.4 & 22.3.

Rule 21 of the Texas Rules of Appellate Procedure provides the guidelines for filing a motion for new trial in a criminal case. TEX. R. APP. P. 21.4; *Zalman*, 400 S.W.3d at 593; *State v. Holloway*, 360 S.W.3d 480, 485 (Tex. Crim. App. 2012). Under Rule 21.4(a),

3

a defendant may file a motion for new trial within thirty days from the day the judge pronounces the sentence in open court. TEX. R. APP. P. 21.4; *Zalman*, 400 S.W.3d at 593; *Holloway*, 360 S.W.3d at 485. Because the right to move for a new trial is a creature of statutory law, not common law, the movant must strictly adhere to the terms of the statute in order to take advantage of this remedy. *Holloway*, 360 S.W.3d at 485 (citing *Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987) (holding trial court lacked jurisdiction to consider motion for new trial alleging newly discovered evidence filed seventy-one days after the filing deadline)). When the statutory timetable is not followed, the trial court lacks jurisdiction to rule on the motion. *Id.* at 486.

### III. DISCUSSION

At the hearing, the trial court stated, "[t]his is more than 30 days, but you come under Section 7 of 42.12, and I do have jurisdiction . . ." Section 7 of article 42.12 "authorizes trial courts to grant shock community supervision to persons sentenced to jail in misdemeanor cases." 43A GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 47:45 (3d ed.). Section 7, entitled "Continuing Court Jurisdiction in Misdemeanor Cases," provides, in relevant part:

> *For the purposes of this section*, the jurisdiction of the courts in this state in which a sentence requiring confinement in a jail is imposed for conviction of a misdemeanor shall continue for 180 days from the date the execution of the sentence actually begins. The judge of the court that imposed such sentence may on his own motion, on the motion of the attorney representing the state, or on the written motion of the defendant suspend further execution of the sentence and place the defendant on community supervision under the terms and conditions of this article, if in the opinion of the judge the defendant would not benefit from further confinement.

TEX. CRIM. PROC. CODE ANN. art. 42.12, § 7(a) (emphasis added).

4

We agree with the State that the trial court lacked jurisdiction. The plain language of the statute restricts its application to "the purposes of this section," which authorize a judge to suspend further execution of a sentence and place a defendant on community supervision within 180 days from the date the execution of a sentence actually begins. *See id.* We are unpersuaded by the trial court's assertion that "it applies to anything." *See Druery v. State*, 412 S.W.3d 523, 533 (Tex. Crim. App. 2013) ("When interpreting the meaning of a statute, we seek to effectuate the collective intent of the legislators who enacted the statute."); *Coit v. State*, 808 S.W.2d 473, 475 (Tex. Crim. App. 1991) ("Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed and it is not for the courts to add to or subtract from such statute.").

Here, the trial court lost jurisdiction over appellee thirty days after sentencing him on December 28, 2012. Consequently, when appellee filed his motion for new trial on May 15, 2013, the trial court lacked jurisdiction to entertain said motion. We hold that article 42.12, section 7, which the trial court relied on as authority to grant a new trial, is limited to a trial court's jurisdiction to suspend a misdemeanor sentence and place a defendant on community supervision. TEX. CRIM. PROC. CODE ANN. art. 42.12, § 7(a); *see State v. Dunbar*, 269 S.W.3d 693, 695–96 (Tex. App.—Beaumont 2008), *aff'd,* 297 S.W.3d 777 (holding that even if a defendant is eligible for shock community supervision and timely requests it, a trail court's order imposing shock community supervision after judgment becomes final is void). We hold that the trial court abused its discretion in granting appellee's untimely-filed motion for new trial. We sustain the State's issue.

## IV. CONCLUSION

We reverse the trial court's order granting appellee a new trial and render judgment reinstating his conviction.  *See* TEX. R. APP. P. 43.2(c).

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of March, 2014.