

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00276-CR

**BRYAN CHAMPION,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 13-05014-CRF-361**

## MEMORANDUM OPINION

Bryan Champion pled guilty, without a plea bargain, to the offense of aggravated robbery (hereinafter referred to as bank robbery). Punishment was tried to the jury, and Champion was sentenced to 60 years in prison. Because the trial court did not err in admitting extraneous offense evidence and did not err in modifying the judgment, the trial court's judgment is affirmed.

Champion drove from Houston to Bryan, Texas to meet with Erric Portis to participate in a bank robbery. When he met up with Portis, Champion and Portis "carjacked" David Whitener. About an hour and a half later, they used Whitener's car in a bank robbery. Whitener recognized Champion from video of the bank robbery as the one who "pistol-whipped" Whitener during the carjacking. Champion was indicted for both the bank robbery and the carjacking.

**EXTRANEOUS OFFENSES**

In his first issue, Champion complains that the trial court erred in admitting evidence of an extraneous offense for which the State had not given notice as requested by Champion. Specifically, Champion argues that although he had notice that the State intended to introduce evidence of the carjacking, the evidence was inadmissible because the State did not provide *written* notice of its intention to introduce evidence of the carjacking.

In determining whether a trial court erred in admitting evidence, the standard for review is abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id*.

In discussing the admission of evidence during the punishment phase of a non-capital trial, article 37.07, § 3(g) provides, "[o]n timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner

required by Rule 404(b)" of the Texas Rules of Evidence and then refers to an "extraneous crime or bad act." TEX. CODE CRIM. PROC. ANN. art 37.07, § 3(g) (West 2006); *Worthy v. State*, 312 S.W.3d 34, 37 (Tex. Crim. App. 2010). Rule 404(b) provides that, in certain circumstances, "[e]vidence of other crimes, wrongs or acts" may be admissible "provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction." TEX. R. EVID. 404(b); *Worthy*, 312 S.W.3d at 37.

"Reasonable notice" depends upon the facts and circumstances of each individual case. *Scott v. State*, 57 S.W.3d 476, 480 (Tex. App.—Waco 2001, pet. ref'd). Its purpose is "to allow the defendant adequate time to prepare for the State's introduction of the extraneous offenses at trial." *Id*. (quoting *Hernandez v. State*, 914 S.W.2d 226, 234 (Tex. App.—Waco 1996, no pet.)).

Champion was indicted in both the bank robbery and the carjacking. It is apparent from the record that counsel for Champion represented Champion in both of these offenses because counsel requested notice of the State's intent to introduce extraneous offense evidence for both offenses. Further, Champion's counsel announced ready for trial on both the bank robbery and the carjacking. Sometime after that announcement, and the record is unclear as to when, the State decided to try only the bank robbery.

At that point in time, the carjacking became an extraneous offense. *See Scott*, 57 S.W.3d at 481 (Tex. App.—Waco 2001, pet. ref'd). And, at least on the Friday before trial, if not earlier, the State informed Champion's counsel of its intent to use the carjacking offense in the trial of the bank robbery. Counsel did not dispute at trial, and does not dispute on appeal, that he received such notice.

Champion asserts that the Court of Criminal Appeals' opinion in *McDonald v. State,* requires *written* notice of extraneous offenses when the request by a defendant is made in writing. *McDonald v. State*, 179 S.W.3d 571, 577 (Tex. Crim. App. 2005). It does not. In *McDonald,* the Court of Criminal Appeals held that the trial court abused its discretion in admitting the uncharged offense without notice under Rule 404(b). The State in *McDonald* had provided notice of other extraneous acts but not of the specific act complained about. In arriving at its decision, the Court of Criminal Appeals distinguished the facts of *McDonald* from the facts of another case, *Hayden v. State*, which held that, under some circumstances and when delivered shortly after a defendant's request, witness statements that describe uncharged misconduct can constitute reasonable notice under Rule 404(b). *Id*.; *Hayden v. State*, 66 S.W.3d 269, 272 (Tex. Crim. App. 2001). The two distinguishing factors identified by the Court of Criminal Appeals in *McDonald* were (1) the notice given consisted of documents that actually purported to be the State's notice of intent to offer acts of uncharged misconduct, not witness statements as in *Hayden*, **and** (2) the defendant disputed the

State's claim that he had received actual notice. *See McDonald v. State*, 179 S.W.3d 571, 577 (Tex. Crim. App. 2005). The Court did not hold, as Champion argues, that if the defendant makes his request in writing for notification of extraneous offenses that the State must reciprocate with notice in writing.

While Champion is entitled to rely on the notice provided by the State, *see id.*, in deciding whether to admit the evidence, the trial court is also entitled to take into consideration that Champion had **actual** notice of the State's intent to introduce evidence of the carjacking incident and that Champion did not dispute he had such actual notice. *See Scott v. State*, 57 S.W.3d 476, 482-83 (Tex. App.—Waco 2001, pet. ref'd); *cf Hall v. State*, No. 10-12-00020-CR, 2014 Tex. App. LEXIS 4212*6-7 (Tex. App.—Waco Apr. 17, 2014, no pet.) (not designated for publication) (discussing notice per article 38.37 of the Texas Code of Criminal Procedure). Accordingly, the trial court did not abuse its discretion in permitting the introduction of the carjacking offense into evidence.

Champion's first issue is overruled.

**ATTORNEY'S FEES**

In his second through fourth issues, Champion complains that the trial court erred in assessing attorney's fees in the judgment (Issue 2) and thus, erred in denying his motion for new trial based on the erroneous assessment of attorney's fees (Issue 3),

and further erred in correcting the judgment and deleting the assessment of attorney's fees by a judgment *nunc pro tunc* (Issue 4).

The State agrees that the trial court erred in assessing attorney's fees in the initial judgment because there was no evidence controverting the presumption that Champion remained indigent after previously found to be indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2009); *Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010). However, upon Champion's filing of a motion for new trial complaining, in part, about the assessment of attorney's fees in the judgment, the trial court modified the judgment to delete that assessment. Notwithstanding that the error in the initial judgment was corrected by the trial court, Champion still complains about the initial judgment. The modified judgment, which Champion also asserts was erroneous, was entitled, "Nunc Pro Tunc Judgment of Conviction."

A trial court may correct clerical mistakes or errors in a judgment, not involving judicial reasoning, after expiration of its plenary jurisdiction by entry of a judgment nunc pro tunc. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (applying former Texas Rule of Appellate Procedure 36); *Jackson v. State*, 362 S.W.3d 817, 819-20 (Tex. App.—Amarillo 2012, no pet.). There is nothing in this record, however, to suggest the trial court was correcting a clerical mistake when it deleted the assessment of attorney's fees in the initial judgment. *See Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984) (there must be proof that the proposed judgment was actually

rendered or pronounced at an earlier time).  Thus, it would appear that the trial court

erred in deleting the attorney's fees by judgment nunc pro tunc.

Notwithstanding that appearance, a trial court has the inherent power to vacate,

modify, or amend its own rulings within the time of its plenary jurisdiction.  *See In re*

*State ex rel. Sistrunk*, 142 S.W.3d 497, 503 (Tex. App.—Houston [14th Dist.] 2004, orig.

proceeding); *Junious v. State*, 120 S.W.3d 413, 417 (Tex. App.—Houston [14th Dist.] 2003,

pet. ref'd) (same).  When a motion for new trial is filed, that plenary jurisdiction extends

to at least 75 days from the date sentence is pronounced in open court, and in some

circumstances, beyond 75 days.  *See* TEX. R. APP. P. 21.8(a); *State v. Davis*, 349 S.W.3d 535,

538 (Tex. Crim. App. 2011) (trial court had authority to set aside original sentence and

modified judgment was not void where defendant had filed motion to reconsider his

sentence, which was functionally indistinguishable from motion for new trial on

punishment, within thirty days of his initial sentence); *Awadelkariem v. State*, 974 S.W.2d

721, 728 (Tex. Crim. App. 1998) (noting that trial court may modify order on motion for

new trial within the seventy-five days provided by the rules) (*overruled in part by Kirk v.*

*State*, 454 S.W.3d 511, 515 (Tex. Crim. App. 2015) ("We continue to adhere to the

holding in *Awadelkariem* that a trial court has the power to rescind an order granting a

new trial, but we overrule *Awadelkariem* to the extent it held that this power was subject

to a seventy-five-day time limit.")).  Further, when a timely and sufficient notice of

appeal is filed, the trial court's jurisdiction to act on its judgment is extended until the

appellate record is filed. *See* TEX. R. APP. P. 25.2(g); *State v. Moore*, 225 S.W.3d 556, 569 (Tex. Crim. App. 2007).

Because Champion filed a motion for new trial contending in part that the trial court erred in assessing attorney's fees in the judgment, we find the trial court could modify the judgment to delete the assessment of attorney's fees within its plenary jurisdiction of at least 75 days from the date sentence was pronounced in open court. The trial court acted well before the expiration of 75 days from the date sentence was pronounced in open court and well before the date the appellate record was filed. Thus, the trial court had jurisdiction to modify its judgment. The title of the judgment does not make the judgment erroneous; and a reversal, as argued by Champion, is not warranted. Champion's second and fourth issues are overruled.

Consequently, because the trial court modified the judgment based on an argument made in Champion's motion for new trial and within the trial court's plenary jurisdiction to do so, it did not err in denying Champion's motion for new trial.[1] Champion was not entitled, as argued by Champion, to a reversal of the trial court's judgment of guilt and sentence and an entirely new trial based on this ground in the motion for new trial, particularly where, as here, the trial court corrected the error complained of during its plenary jurisdiction. Champion's third issue is overruled.

---

[1] Champion raised another ground in his motion for new trial; however, he does not complain that the trial court erred in denying the motion as to that ground.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 22, 2015
Do not publish
[CRPM]

