**DENY in Part and DISMISS in Part; and Opinion Filed July 18, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-17-00788-CV
_____

### IN RE RONALD W. RIDDLE, Relator

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F03-01132**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Stoddart
Opinion by Justice Lang-Miers

Before the Court is relator's July 11, 2017 petition for writ of mandamus. On September 22, 2003, relator was convicted of second degree burglary of a habitation. Relator did not appeal that conviction. Relator now wants to prepare and file a petition for writ of habeas corpus based on new information he has discovered. To prepare the petition, relator wants to review the record in his case. Relator has requested the district clerk and the trial court to provide him with the cost for purchasing the record. He has also filed a motion in the trial court requesting preparation of the record. In this original proceeding, relator seeks a writ directing the trial court to rule on relator's motion requesting preparation of the record and directing the district clerk and the trial court to provide relator with the cost for preparing the record and to provide relator with the record and the documents requested. Relator is not entitled to the relief requested.

### Applicable Law

Mandamus relief is appropriate in a criminal case only when a relator establishes (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to

compel is a ministerial act, not a discretionary or judicial decision. *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (orig. proceeding). To demonstrate that the trial court has failed to perform a ministerial act, a relator must show that he has a clear right to the relief sought. *Id.* "A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding) (citing *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding)). The act requested must be "positively commanded and so plainly prescribed under the law as to be free from doubt." *In re Allen*, 462 S.W.3d at 50.

A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). But a motion that is filed after a trial court has lost jurisdiction to act on the motion is neither properly filed nor timely presented. *In re Johnson*, No. 05-16-00062-CV, 2016 WL 308657, at *1 (Tex. App.—Dallas Jan. 26, 2016, orig. proceeding). In such cases, mandamus should be denied. *Id.* After its general jurisdiction expires, a trial court only has special or limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions specified by statute, such as finding facts in a habeas corpus setting or determining entitlement to DNA testing. *In re Curry*, No. 12-16-00147-CR, 2016 WL 3063338, at *1 (Tex. App.—Tyler May 27, 2016, orig. proceeding) (citing *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002)).

## Analysis

The trial court's general jurisdiction over relator's underlying criminal case expired long ago. *Patrick*, 86 S.W.3d at 594 (consolidated appeal and orig. proceeding) (plurality opinion) (when conviction has been affirmed on appeal and mandate issued, general jurisdiction is not restored in trial court); *State v. Dunbar*, 269 S.W.3d 693, 695 (Tex. App.—Beaumont 2008),

*aff'd*, 297 S.W.3d 777 (Tex. Crim. App. 2009) (conviction final thirty days after judgment where no motion for new trial filed). The mandamus record does not demonstrate the existence of any currently pending petition for writ of habeas corpus, motion for forensic DNA testing, motion for judgment nunc pro tunc, or any other pending matter that would vest special jurisdiction in the trial court to consider relator's motion. Absent general or special jurisdiction, the trial court lacks the authority to grant relator's motion. As such, the trial court does not have a ministerial duty to rule on the motion and relator is not entitled to mandamus relief. We, therefore, deny relator's petition to the extent it requests this Court to direct the trial court to rule on the motion.

As for relator's request that this Court direct the district clerk to provide relator with the cost for preparing the record and to provide relator with a copy of the record, this Court lacks writ jurisdiction over the district clerk unless the clerk is interfering with our appellate jurisdiction. TEX. GOV'T. CODE ANN. § 22.221(a)-(b) (West 2004) (court of appeals may only issue writ of mandamus against district and county judges or as necessary to enforce jurisdiction of appellate court); *In re Wilkerson*, No. 05-16-00322-CV, 2016 WL 1320815, at *1 (Tex. App.—Dallas Apr. 5, 2016, orig. proceeding) (citing *In re Simpson*, 997 S.W.2d 939, 939 (Tex. App.—Waco 1999, orig. proceeding)). No appeal related to relator is pending in this Court and, therefore, our jurisdiction is not in jeopardy. Accordingly, we dismiss relator's petition for want of jurisdiction to the extent it seeks a writ directing the district clerk to take any actions.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

170788F.P05

–3–