

# IN THE
# TENTH COURT OF APPEALS

No. 10-22-00191-CR
No. 10-22-00192-CR
No. 10-22-00193-CR
No. 10-22-00194-CR
No. 10-22-00195-CR
No. 10-22-00196-CR
No. 10-22-00197-CR
No. 10-22-00198-CR
No. 10-22-00199-CR
No. 10-22-00200-CR
No. 10-22-00201-CR
No. 10-22-00202-CR
No. 10-22-00203-CR

## IN RE DAVID CORNETT

### Original Proceeding

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 37235CR, 37236CR, 37237CR, 37238CR,
37239CR, 37240CR, 37241CR, 37242CR, 37243CR,
37244CR, 37245CR, 37246CR, and 37247CR

## MEMORANDUM OPINION

After pleading guilty and waiving his right to appeal 13 convictions, David

Cornett, relator in these proceedings, challenged the convictions by filing a "Motion for

Nunc Pro Tunc Order to Remove the Improper Cumulation Order and Illegal Sentence

in Cause No. 37235-37247CR" in each case. When the trial court, respondent in these proceedings, denied the motions, relator appealed. We dismissed the appeals because we have no jurisdiction of the appeal of a denial of a motion for judgment nunc pro tunc. *See Cornett v. State*, 2022 Tex. App. LEXIS 3229, at *1 (Tex. App.—Waco May 11, 2022, no pet. h.). Consequently, relator's Petitions for Writ of Mandamus regarding the 13 convictions were filed on June 13, 2022, and in those petitions, relator requests we order respondent to grant relator's Motion for Nunc Pro Tunc Order in each case.[1]

There are procedural problems with these petitions, such as, the respondent (the trial court judge) and the real party in interest (the State) were not served as required by the Texas Rules of Appellate Procedure, and the appendices attached to the petitions were not properly certified. *See* TEX. R. APP. P. 9.5, 52.3 (k)(1)(A), and 52.7. However, to expedite this decision, we use Rule 2 to suspend the operation of these rules. TEX. R. APP. P. 2.

The purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012). The corrections must reflect the judgment that was actually rendered but that for some reason was not accurately entered into the record at the time of the judgment. *Id* at 898. Further, nunc pro tunc judgments are limited to clerical mistakes or errors in a judgment; not for errors involving judicial reasoning. *Id*.; s*ee State*

---

[1] Technically, in his prayer, relator asked us to order respondent to rule on relator's motions. Respondent has already ruled on the motions, and relator's disagreement with those rulings is the subject of these proceedings.

*v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (applying former Texas Rule of Appellate Procedure 36); *Jackson v. State*, 362 S.W.3d 817, 819-20 (Tex. App.—Amarillo 2012, no pet.). There is nothing in this record to suggest respondent would be correcting a clerical mistake if respondent granted relator's motion. *See Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984) (there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time).

Relator raised four issues in his Motion for Nunc Pro Tunc Order. They are as follows:

1. Improper cumulation/stacking order in trial court cases numbers 37235 through 37247CR;

2. Double jeopardy in trial court case numbers 37236, 37237, 37240, 37241, 37245, and 37246CR;

3. Unauthorized sentence in trial court case number 37247CR; and

4. Prohibited Sexual Conduct Time-barred in trial court case number 37237CR.

These complaints are not requests for the correction of clerical errors. They are post-conviction complaints about the propriety of sentences and various provisions in the felony judgments relating to stacking, double jeopardy, unauthorized sentence, and statute of limitations; not clerical errors. In other words, these are post-conviction attacks on otherwise final judgments of felony convictions. Relator's remedy, if any, is by the route he has already used to attack at least one of those judgments, which he acknowledges was unsuccessful, namely an application for a writ of habeas corpus, specifically an article 11.07 writ. *See* TEX. CRIM. PROC. art. 11.07.

Accordingly, because relator has an alternative legal remedy via an article 11.07 writ proceeding, over which we have no jurisdiction, *see Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (jurisdiction); *see also* TEX. CODE CRIM. PROC. arts. 11.05, 11.07; *Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.), his petitions for a writ of mandamus are denied.

Relator's motions for leave to file the petitions are dismissed as moot.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Petitions denied
Motions dismissed as moot
Opinion delivered and filed June 29, 2022
Do not publish
[OT06]

